UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRAM NGUYEN *Ex Rel. United States*, | ) | Case No.: 1:17 CV 521 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant | ) | |

Pram Nguyen, proceeding *pro se*, filed this action against the City of Cleveland under the Clean Air Act ("CAA"), the False Claims Act ("FCA") and Federal Civil Procedure Rules 60(b) and (c). In the Complaint, Plaintiff challenges the manner in which the Cleveland Hopkins Airport calculates emissions, particularly from de-icing, claiming it should be subject to permit requirements under Title V of the CCA. He seeks monetary damages and an Order from this Court requiring the airport to obtain a Title V permit.

**Background**

Nguyen has brought several legal actions to challenge the way in which airports calculate emissions in order to determine whether they are a "major stationary source" within the meaning of the CAA and therefore subject to the permit requirements of Title V of the CCA. *See Nguyen v.*

*City of Cleveland*, 534 F. App'x 445 (6th Cir. 2013). Two of those actions are pertinent to this case.

In January 2000, Nguyen filed a qui tam action under the FCA against the operators of numerous American airports, including the Cleveland Hopkins International Airport ("Cleveland Hopkins"). In that action, he alleged the airport operators fraudulently accepted funds from the Federal Aviation Administration ("FAA") by falsely certifying that they were in compliance with environmental laws, including the CAA. *See United States ex rel. Nguyen v. City of Cleveland*, Nos. 1:00 CV 208, 1:03 CV 1563, 2005 WL 2416925 (N.D. Ohio Sept. 30, 2005)(O'Malley, J.)("*Nguyen I*") Nguyen argued the airports did not obtain Title V permits even though their emissions of ethylene and propylene glycol from their de-icing operations exceeded the levels that require permits under the CAA. United States District Judge Kathleen M. O'Malley ultimately granted summary judgment in favor of the Defendants.

In October 2005, prior to filing his appeal in *Nguyen I*, Nguyen filed for Chapter 7 Bankruptcy and his interest in *Nguyen I* became part of the Bankruptcy estate. *See In re Pram Nguyen*, No. 05-95756-rb (Bankr. N.D. Ohio, Oct. 16, 2005). The Bankruptcy Trustee agreed to settle the appeal in *Nguyen I* with the City of Cleveland and the Toledo Lucas-County Port Authority. In exchange for the Trustee's agreement on behalf of the estate to release all claims and not to sue, the estate was paid the sum of $ 10,100.00.

Nguyen filed an other action against the City of Cleveland in February 2009. In that action, Nguyen again alleged that since 1996, the Defendant continuously violated the FCA by falsely certifying that they were complying with all environmental laws. Unlike *Nguyen I*, Nguyen brought a claim under the citizen-suit provision of the CCA, 42 U.S.C. § 7604, asserting that the Defendants

2

continuously violated Title V's permit requirements. He also alleged that, in addition to failing to obtain permits from emissions given off by the de-icing operations, the Defendant failed to obtain permits for emissions created during runway de-icing, refueling, roadway operations, construction and removal, transportation and dumping of contaminated soil.

The City of Cleveland filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the claims were barred by the doctrines of claim and issue preclusion. The District Court concurred, and dismissed the action. Nguyen appealed that decision to the United States Sixth Circuit Court of Appeals. The Sixth Circuit upheld the District Court's decision on the FCA claims. They upheld the district court's decision on the CAA claims, but only to the extent it applied to events that occurred prior to the September 30, 2005 judgment in *Nguyen I*. *See Nguyen v. City of Cleveland*, 534 F. App'x 445 (6th Cir. 2013)("*Nguyen II*"). The Circuit also held that to the extent the CAA claim applied to conduct occurring after the judgment in *Nguyen I*, claim preclusion did not apply. The Court remanded the action to the District Court for further proceedings. *Id.* at 453.

The City then filed a Motion for Summary Judgment asserting that Nguyen's CAA claim was barred by the release executed by the Bankruptcy Trustee. The District Court held that the release only barred suit for events that took place prior to the filing of the bankruptcy case in 2005. Any events occurring after the initiation of the bankruptcy would not be part of the estate.

The City filed a second Motion for Summary Judgment after conducting discovery, asserting that Nguyen failed to establish Article III standing to bring the action. They also asserted that the emissions Nguyen identified were excluded from the calculations used to determine whether a

3

permit was required by Title V of the CAA. The District Court granted this Motion, finding that Nguyen lacked standing to assert violations of the CAA.

Nguyen appealed that decision to the Sixth Circuit, arguing that he had standing. He also claimed the District Court improperly excluded the expert report of John Jacus and did not allow him to depose key witnesses. The City of Cleveland cross-appealed from the District Court's ruling that the release did not bar claims pertaining to events occurring after the bankruptcy was filed. They asked the Circuit to remand the case to the District Court with the instruction that the entire case be dismissed with prejudice.

On March 3, 2017, the Sixth Circuit issued its opinion, affirming the district court's decision that Nguyen lacked Article III standing to bring his claims. *See United States ex rel. Nguyen v. City of Cleveland*, Nos. 16-3379, 3420 (6th Cir. Mar. 3, 2017). The Court held that Nguyen failed to meet the injury-in-fact requirement because he did not demonstrate he was personally harmed by the Defendant's failure to obtain a Title V permit. *Id.* at 4. In addition, the Court held that Nguyen did not satisfy the redressability requirement for Article III standing. *Id.* at 5. Only the Ohio EPA could determine whether the facility was required to obtain the Title V permit and the Ohio EPA was not a party to the case. *Id.* at 5-6. Therefore even if Plaintiff had alleged an injury, the Court could not order the Ohio EPA to issue the permit, and that permit would not limit the airport's emissions. *Id.* Nguyen argued that he was acting as a "private attorney general" in bringing the suit and therefore did not need to show an injury-in-fact. *Id.* at 6. The Circuit disagreed, holding that the CAA's citizen-suit provision did not replace Article III standing requirements. *Id.* at 6-7. Because the Circuit determined Nguyen lacked standing to bring his claims under the CAA, it did not address his other claims nor the Defendant's cross-appeal. *Id.* at 7.

4

Ten days after the Sixth Circuit issued its decision, Nguyen filed the present action, once again asserting claims under the FCA and the CAA. He alleges the City of Cleveland is illegally disbursing de-icing fluids and other regulated pollutants into the air at Cleveland Hopkins International Airport in violation of the CAA. He asserts they did not obtain a Title V permit, they neglected to pay annual emission fees, failed to pay penalties for violating environmental laws, and did not comply with the State Implementation Plan ("SIP") for protecting the environment. In addition, he alleges the City of Cleveland knowingly submitted statements to the United States Federal Aviation Administration ("FAA") reporting that they were in compliance with environmental protection laws to receive federal funding.

## Standard of Review

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

**Analysis**

When litigation between two parties extends on for seventeen years through three actions and three appeals, it is only a matter of time before principles of preclusion are implicated. The purpose of preclusion doctrines "is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). In order to do this, the Court must recognize and uphold prior decisions in the same case (law of the case), and prior rulings in different but related cases involving the same parties and the same events or occurrences (issue and claim preclusion). In this case, the action is barred by both issue and claim preclusion.

Claim preclusion bars a second lawsuit when (1) the first lawsuit ends in a final judgment on the merits, (2) both suits involve the same parties or their privies, (3) an issue in the second suit was raised or should have been raised in the first, and (4) both suits arose from the same transaction. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quotations omitted). All four requirements are present here. The District Court in *Nguyen* II granted summary judgment in favor of the City of Cleveland on both claims. The Sixth Circuit upheld the District Court's judgment, stating again that Nguyen lacked standing to assert the claims. He is now bringing the same claims against the same Defendant based on the same events and issues. Claim preclusion bars him from relitigating those claims for a second time.

Similarly, issue preclusion bars a party from relitigating an issue of law necessary to a judgment, which has been previously decided by a court of competent jurisdiction, even if the new case is based on a different cause of action. *United States v. United Techs. Corp.*, 782 F.3d 718, 725-26 (6th Cir. 2015). Four criteria must be met for issue preclusion to apply: (1) the identical

issue was raised and actually litigated in a prior proceeding; (2) determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394 Fed. Appx. 280, 283 (6th Cir. 2010) (citing *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996)). Issue preclusion is not negated merely because the losing party puts on a better case the second time around. *See, e.g., Yamaha Corp. v. United States*, 961 F.2d 245, 254-55 (D.C. Cir. 1992) ("Preclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first."); *Cory v. C.I.R.*, 159 F.2d 391, 392 (3d Cir. 1947) ("[P]arties are not entitled to have a question considered on its merits a second time merely because they failed to produce all the facts the first time."); *Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230, 234-35 (6th Cir. 1974) (rejecting new evidence to establish violation of antitrust laws in second action).

The criteria for issue preclusion are also met in this case. Nguyen had a full and fair opportunity to litigate the issue of standing in both the District Court and before the Sixth Circuit on appeal. He is bound by those determinations and cannot now file the same action in the hope of achieving a different result.

The Court is aware that *res judicata* is an affirmative defense that usually must be raised by the Defendant. FED.R.CIV.P.8(c). *See Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir. 1988). However, the Supreme Court as well as the Sixth Circuit have indicated that a Court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona*

*v. California*, 530 U.S. 392, 412 (2000). The "special circumstance" recognized in *Arizona*, is when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412 (internal quotation marks omitted). As this is a refiling of a case that was very recently before this Court and the Sixth Circuit, the Court finds that the claims and issues presented in this case have been thoroughly litigated and decided on the merits. This matter is no longer open to discussion and is dismissed. *Apple*, 183 F.3d at 479.

## Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          /S/ SOLOMON OLIVER, JR.
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

April 12, 2017